**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111643

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Stefanie Anthony, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Hillcrest Davidson & Associates, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Stefanie Anthony, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Hillcrest Davidson & Associates, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Obligations Law § 5–328 ("NYGOL").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Stefanie Anthony is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Hillcrest Davidson & Associates, LLC, is a Texas Limited Liability Company with a principal place of business in Dallas County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated April 14, 2016.

15. The letter was the initial communication Plaintiff received from Defendant.

16. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The letter directs Plaintiff to Defendant's website.

18. Plaintiff accessed the website to pay the debt.

19. The website is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violations of NYGOL § 5–328 and 15 U.S.C. § 1692f

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

21. Defendant's website sets forth certain terms and conditions that must be agreed to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

by consumers wishing to pay their debts by check.

22. One of the terms and conditions is, "All returned checks are subject to a $25 return check fee."

23. Pursuant to NYGOL § 5–328 the maximum fee allowed for a returned check is $20.00.

24. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any fee or charge incidental to the debt unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25. Defendant's attempt to collect a fee of $25.00 for a returned check is a violation of NYGOL § 5–328.

26. Defendant's attempt to collect a fee of $25.00 for a retuned check when the maximum amount allowed in New York State is $20.00 is a violation of 15 U.S.C. § 1692f(1).

## SECOND COUNT
### Violations of 15 U.S.C. § 1692e

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29. Defendant's threat to impose a fee of $25.00 for a returned check when the maximum amount allowed in New York State is $20.00 is a false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

31. Defendant's threat to impose a fee of $25.00 for a returned check when the maximum amount allowed in New York State is $20.00 is a false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

32. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

33. Defendant's threat to impose a fee of $25.00 for a returned check when the

maximum amount allowed in New York State is $20.00 is a threat to take action that cannot legally be taken or that is not intended to be taken.

34. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

35. Defendant's statement that it is entitled to collect a fee of $25.00 for a returned check when the maximum amount allowed in New York State is $20.00 is a false representation or deceptive means to collect or attempt to collect any debt.

36. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(5) and 1692e(10).

### THIRD COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Processing Fee

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

39. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. Defendant's website indicates that Defendant charges a processing fee of $4.00 for payments made.

41. Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

42. Such processing fee is prohibited by 15 U.S.C. § 1692f(1).

43. Defendant violated 15 U.S.C. § 1692f by charging a processing fee.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Processing Fee

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

misleading representations or means in connection with the collection of any debt.

46. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

47. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

48. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

49. The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

50. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

51. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

52. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a fee of $25.00 for a returned check, and/or a processing fee, from one year before the date of this Complaint to the present.

53. This action seeks a finding that Defendant's conduct violates NYGOL § 5–328 and 15 U.S.C. §§ 1692f, 1692e(2)(A), 1692e(2)(B), 1692e(5) and 1692e(10), and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

54. The Class consists of more than 35 persons from whom Defendant attempted to collect a fee of $25.00 for a returned check.

55. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

56. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

57. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: March 5, 2017

                                  **BARSHAY SANDERS, PLLC**

                                  By: /s/ *Craig B. Sanders*
                                  Craig B. Sanders, Esq.
                                  100 Garden City Plaza, Suite 500
                                  Garden City, New York 11530
                                  Tel: (516) 203-7600
                                  Fax: (516) 706-5055
                                  csanders@barshaysanders.com
                                  *Attorneys for Plaintiff*
                                  Our File No.: 111643

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530